**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARIAN J. AGARS,<br>        Appellant, | DOCKET NUMBER<br>NY-0752-14-0014-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>        Agency. | DATE: December 5, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Bobby Devadoss</u>, Esquire, Dallas, Texas, for the appellant.

<u>Kathy G. Jones</u>, Beltsville, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1        The agency petitioned to vacate the March 20, 2014 initial decision, which dismissed the underlying appeal under the terms of a settlement agreement that was entered into the record for enforcement, per the terms of an amended

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

settlement agreement. Initial Appeal File (IAF), Tabs 28-29; Petition for Review (PFR) File, Tab 1. For the reasons set forth below, we VACATE the initial decision, DISMISS the appeal as settled under the terms of the amended settlement agreement, and FORWARD the agency's subsequently filed petition for enforcement to the New York Field Office for docketing as a timely-filed petition for enforcement.

¶2      With its "Request to Vacate the Initial Decision Per Settlement Agreement," the agency submitted a document entitled "AMENDED SETTLEMENT AGREEMENT and RELEASE OF ALL CLAIMS," signed and dated by the appellant on June 23, 2014, and by the agency on June 25, 2014. The document provides, among other things, that all terms and conditions of the settlement agreement between the parties, dated March 10, 2014, remain the same except as noted in provisions A and B of the amended agreement. IAF, Tab 28; PFR File, Tab 1.

¶3      Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. *See* PFR File, Tab 1 at 1.

¶4      In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction, that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of the underlying appeal—the removal of a full time federal

employee—is within the Board's jurisdiction under 5 U.S.C. §§ 7511(a)(1)(A), 7512(1), 7513(d), and 7701(a).  IAF, Tab 10 at 13.  Accordingly, we find that dismissal of the petition for appeal "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶5      Following the agency's filing of its "Request to Vacate Initial Decision Per Settlement Agreement," the agency filed a document titled "Petition to Enforce Settlement Agreement" with the Clerk of the Board.  PFR File, Tab 3.  As this petition for enforcement was timely filed, we hereby forward it to the Board's New York Field Office for docketing.  5 C.F.R. § 1201.182(a).

¶6      This is the final order of the Merit Systems Protection Board in the appellant's appeal from her removal.  Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.